Curtis Mfg v. Plasti-Clip Corp          CV-89-430-SD  01/04/96

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Curtis Mfg. Co., Inc., et al


        v.                                    Civil No. 89-430-SD


Plasti-Clip Corporation, et al


O R D E R


     Plaintiffs herein, Plasti-Clip Corporation and Daniel
Fanuef, move the court for an order allowing issuance of
executions on the judgments herein or, alternatively, for
modification of the supersedeas bond filed by the defendants,
Curtis Manufacturing Company, Inc. (Curtis) and Thomas W. Judd.
Document 200.  The defendants object.  Documents 201, 202.[1]


1.  Background

     This litigation is grounded on claims of patent
infringement, although it included a number of claims presented
under state law.  The jury returned verdicts for plaintiffs

_____

     [1]Document 201 is the opposition of Thomas W. Judd to
plaintiffs' motion.  Document 202 is the opposition of defendant
Curtis to the plaintiffs' motion.

against the defendant Curtis on the claims of patent infringement, patent conversion, misappropriation of a confidential idea, and unfair competition. A verdict was returned against defendant Judd on a claim of assistance in the conversion of the patent.[2]

On July 24, 1995, while certain post-trial motions were pending, the court approved a supersedeas bond of $814,000 filed by the defendants. The terms of the bond, inter alia, stayed execution of the judgment pending resolution of appeals.

Subsequently, the court ruled on the pending post-trial motions and ordered amendment of the judgment. Perceiving the amount of the amended judgment to exceed the amount of the bond, plaintiffs contend that they should be entitled to either the issuance of executions or an increase in the amount of the bond.

2. Discussion

Plaintiffs focus on the provisions of Rule 62(d), Fed. R. Civ. P., which makes effective a stay of execution when a

---

[2]A verdict for defendant Curtis was returned on the issue of unfair trade practice, and verdicts for defendant Judd were returned on all of the claims against him.

2

supersedeas bond is approved by the court.[3]  Filing of such a

bond stays a money judgment as a matter of right, and it is

effective when the supersedeas bond is approved by the court.  11

WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2905, at 520

(West 1995).  Moreover, although the amount of the bond usually

is set in an amount that will permit satisfaction of the judgment

in full, together with costs, interest, and damages for delay,[4]

the courts have inherent power to provide for a bond in a lesser

amount.  Id. at 522.

In the instant case, the court is satisfied from the

extensive record before it that the defendants here are possessed

of the financial ability to pay the full amount of any judgment,

---

[3]Rule 62(d), Fed. R. Civ. P., provides,

> When an appeal is taken the appellant by
> giving a supersedeas bond may obtain a stay
> subject to the exceptions contained in
> subdivision (a) of this rule.  The bond may
> be given at or after the time of filing the
> notice of appeal or of procuring the order
> allowing the appeal, as the case may be.  The
> stay is effective when the supersedeas bond
> is approved by the court.

[4]Local Rule 28, in effect at the time of the filing of the
bond in the instant case, contained such provisions for contents
of a supersedeas bond "unless the court directs otherwise."  New
Local Rule 62.1, effective January 1, 1996, contains similar
provisions concerning the contents of a supersedeas bond.

interest, and costs rendered against them in these proceedings. Moreover, as the cost of a bond premium may well be taxed as costs should defendants prevail on appeal, it does not appear wise to order any further increase of the bond amount of $814,000.

Accordingly, the plaintiffs' motion for issuance of executions and alternatively for modification of the bond is herewith denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

January 4, 1996

cc:   William O. Hennessey, Esq.
      Jamie N. Hage, Esq.
      Jack R. Pirozzolo, Esq.
      Craig L. Staples, Esq.
      W. Wright Danenbarger, Esq.
      Robert E. McDaniel, Esq.

4